## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action File No.** |
| **BÓVEDA ASSET MANAGEMENT, INC.,** and **GEORGE KENNETH WITHERSPOON, JR.,** | **JURY DEMAND** |
| **Defendants.** | |

## COMPLAINT

The U.S. Securities and Exchange Commission ("Plaintiff" or "Commission") alleges as follows:

## SUMMARY

1.      Bóveda Asset Management, Inc. ("Bóveda"), an investment adviser registered with the Commission, and its sole owner, George Kenneth Witherspoon, Jr. ("Witherspoon") (collectively, the "Defendants"), have steadfastly refused to provide the Commission with certain books and records that, by law, they are required to provide.

2.      The Commission's staff initially requested this information in

September 2019.  After Defendants produced nothing despite repeated requests by the Commission staff, the Commission subpoenaed the same information and ultimately obtained an order from the United States District Court for the Northern District of Georgia compelling production.  Yet Defendants continued to produce nothing.

3.      Defendants also improperly registered with the Commission as an internet investment adviser and maintained custody of client assets but failed to comply with requirements to safeguard those assets.

4.      Between 2014 and 2021, Defendants also made material misstatements and omissions in forms that they filed with the Commission.

5.      Among other things, Bóveda's Uniform Application for Investment Adviser Registration and Report by Exempt Reporting Advisers ("Form ADV") (1) falsely claimed that Witherspoon is a Certified Financial Planner and that Bóveda did not have custody of client assets; (2) grossly overstated Bóveda's assets under management; (3) falsely claimed that the Fund had been audited by a certified public accounting firm in Fort Lauderdale, Florida; and (4) failed to disclose an adverse 2021 federal court order resulting from the Commission's subpoena enforcement action against Bóveda.

## **VIOLATIONS**

6.      The Defendants have engaged in acts and practices that violated

Sections 206(1), 206(2), and 207 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4) and 80b-7].   Additionally, Defendant Bóveda violated Sections 203A, 204(a), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-3a(a), 80b-4(a), 80b-6(4)] and Rule 206-4(2) thereunder [17 C.F.R. § 275.206-4(2)].  Witherspoon has engaged in acts and practices that aided and abetted Bóveda's violations of all of these provisions.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action pursuant to Sections 209(d) and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-14].

8.      Venue is proper in this district because certain of the transactions, acts, practices, and courses of business constituting violations of the Advisers Act occurred in the Northern District of Georgia.

9.      The Commission brings this action to enjoin the Defendants from engaging in the transactions, acts, practices, and courses of business alleged in this complaint, and transactions, acts, practices, and courses of business of similar purport and object, for civil penalties and for other equitable relief.

## THE DEFENDANTS

10.      **Bóveda Asset Management, Inc.**, is incorporated in Florida (since 2014) and North Carolina (since 2018).

11.      Bóveda first registered with the Commission as an investment

adviser on June 25, 2014.

12.     On November 3, 2014, approximately 131 days after they filed Bóveda's initial Form ADV, the Defendants filed an amendment to it, in which they claimed that Bóveda was eligible to register with the Commission as a multi-state investment adviser required to register in 15 or more states, and relied on Rule 203A-2(d) of the Advisers Act to do so.

13.     On November 20, 2014, the Defendants filed another amendment to Bóveda's Form ADV, in which they registered Bóveda as an internet investment adviser pursuant to Rule 203A-2(e) of the Advisers Act.

14.     Bóveda's sole advisory client is Bóveda Realty Investors, LP (the "Fund"), a fund that Bóveda purportedly manages.

15.     **George Kenneth Witherspoon, Jr.**, age 57, is a resident of North Carolina.  He is the sole owner, Chief Executive Officer, Chief Operating Officer, Chief Compliance Officer and President of Bóveda.

### THE DEFENDANTS' MISCONDUCT

**A.**     **The Defendants Fail to Provide Required Books and Records to the Commission**

16.     Section 204(a) of the Advisers Act provides that "[a]ll records" maintained by investment advisers are subject to "reasonable, periodic, special, or other examinations" by the Commission.  15 U.S.C. § 80b-4(a).  Under Rule 204-2(g) of the Advisers Act, an adviser must "promptly" produce them upon the

Commission's request.  17 C.F.R. § 275-204-2(g)(2)(iii).

17.    Among its responsibilities, the Commission's Division of Examinations conducts examinations of entities registered with the Commission as investment advisers.   These examinations support the Commission's mission to "protect investors, ensure market integrity and support responsible capital formation through risk-focused strategies."[1]

18.    In September 2019, the exam staff of the Commission initiated an examination of Bóveda.

19.    On September 20, 2019, the exam staff sent an e-mail message to the Defendants, requesting that Bóveda provide the exam staff with certain books and records by September 27, 2019.

20.    On September 26, 2019, Witherspoon sent an e-mail message to the exam staff, in which he confirmed Bóveda's receipt of the exam staff's request for books and records and asked for an unspecified extension of time for Bóveda to produce them.

21.    On October 2, 2019, the exam staff sent a follow-up e-mail to Witherspoon, advising that Bóveda was obligated to produce the books and records pursuant to Section 204(a) of the Advisers Act, and requesting that Witherspoon

---

[1] *See* "About the Office of Compliance Inspections and Examinations," *available at* https://www.sec.gov/ocie/Article/ocie-about.html.

contact the exam staff by October 4, 2019, to discuss Bóveda's production of the requested information.

22.     On October 2, 2019, Witherspoon sent an e-mail to the exam staff, claiming that he had asked another person to respond to the exam staff's books and records request.

23.     On October 4, 2019, the exam staff sent another e-mail to Witherspoon, advising that the exam staff had not received Bóveda's books and records, and requesting that Witherspoon produce them by October 10, 2019.

24.     On October 7, 2019, Witherspoon sent an e-mail to the exam staff, requesting that the exam staff identify the electronic platform he should use to upload Bóveda's books and records.  The exam staff responded by e-mail that day, and advised Witherspoon that it had previously provided this information to him in its September 20, 2019 e-mail.

25.     On October 8, 2019, Witherspoon sent an e-mail to the exam staff, advising that Bóveda would produce at least some of the requested books and records by October 10, 2019.

26.     On October 9, 2019, Witherspoon sent an e-mail to the exam staff, asking certain technical questions pertaining to Bóveda's document production. The exam staff answered his questions that day by return e-mail.

27.     On October 10, 2019, Witherspoon sent an e-mail to the exam staff,

advising that Bóveda's books and records would be forthcoming in a separate e-mail.

28.     On October 11, 2019, Witherspoon sent an e-mail to the exam staff, claiming that when he sent the books and records that day using the Commission's electronic platform, he received a notification that "the message remains in the draft folder." He asked the exam staff to confirm that it received the same notification. The exam staff could not substantiate Witherspoon's claim.

29.     On October 11, 2019, the exam staff sent an e-mail to Witherspoon, and advised him that it had not received any notifications concerning Bóveda, or Bóveda's books and records.

30.     The exam staff did not receive any further communications from Witherspoon, or any books and records from Bóveda.

31.     The exam staff left numerous messages for the person who Witherspoon claimed (in his October 2, 2019 e-mail) that he had asked to respond to the exam staff's books and records request, but none of them were answered. The Commission has been unable to confirm the existence of the person Witherspoon identified in his e-mail message.

32.     On September 1, 2020, the Commission's enforcement staff sent a letter to the Defendants, in which enforcement staff requested that Bóveda produce certain books and records by September 15, 2020.

33.     The Defendants did not respond to this letter or produce Bóveda's books and records.

34.     During September, October and November 2020, the Commission's enforcement staff made approximately six additional attempts to contact the Defendants in an effort to obtain Bóveda's books and records, without success.

35.     On January 8, 2021, the Commission's enforcement staff sent a subpoena for the production of Bóveda's books and records to the Defendants, returnable by January 22, 2021.

36.     The Defendants did not respond to the Commission's subpoena.

37.     On January 27, 2021, the Commission's enforcement staff sent a follow-up letter regarding its subpoena to the Defendants, and advised Bóveda that if Bóveda did not contact the Commission by February 5, 2021, the Commission would consider pursuing judicial enforcement of its subpoena.

38.     Bóveda did not respond to the Commission's follow-up letter.

39.     On April 12, 2021, the Commission filed a subpoena enforcement action against Bóveda in the United States District Court for the Northern District of Georgia.

40.     On April 16, 2021, the District Court ordered Bóveda to file a response to the Commission's application by May 7, 2021.  If it failed to do so, the Court ordered Bóveda to appear before the Commission on May 14, 2021, at 10:00

a.m., and produce the books and records identified in the Commission's January 8, 2021 subpoena.

41.     Bóveda did not file a response to the Commission's subpoena enforcement application by May 7, 2021.

42.     Bóveda failed to appear before the Commission's staff and produce the subpoenaed books and records on May 14, 2021.

**B.     The Defendants Improperly Registered Bóveda with the Commission as an Internet Investment Adviser**

43.     Since November 20, 2014, the Defendants have registered Bóveda with the Commission as an internet investment adviser, which means that Bóveda provided investment advice to its clients through an interactive website.

44.     An interactive website is a website in which computer software-based models of applications provide investment advice to clients based on personal information that each client provides through the website.

45.     The Commission has found no evidence that Bóveda operates an interactive website, that is, that it possesses the necessary computer software-based models or applications which would permit clients to provide personal information through its website, and thereby enable Bóveda to meet the requirements of an internet investment adviser.

46.     Moreover, Bóveda's reported number of clients (one) and its claimed assets under management do not appear to support the software-based models and

applications needed for it to operate as an internet investment adviser.

**C.**     **Bóveda Violates the Custody Rule**

47.     In an annual Form ADV amendment filed with the Commission on January 2, 2020, Bóveda disclosed that the general partner of the Fund changed to Bóveda Capital Management ("BCM").   BCM has been identified in Bóveda's Form ADV filings since 2016 as Bóveda's own "doing business as" name.

48.     As the general partner of its client, the Fund, Bóveda had custody of client assets.

49.     Upon information and belief, Bóveda failed to comply with safekeeping rules as required by Rule 206(4)-2 of the Advisers Act.   For example, an adviser with custody of a private fund's assets must either distribute the fund's account statements to fund investors and arrange for an independent public accountant to verify the fund's assets annually by surprise examination, or, alternatively, have the fund audited and the audited financial statements distributed to fund investors.

50.     Upon information and belief, Bóveda did neither.

**D.**     **The Defendants' Misrepresentations and Omissions in Bóveda's Forms ADV and the Fund's Forms D**

51.     From 2014 to January 2021, the Defendants reported in Bóveda's Forms ADV that Witherspoon was a Certified Financial Planner.   However, Witherspoon is not a Certified Financial Planner.

52.     From 2014 to January 2021, the Defendants also reported in the Forms ADV that Bóveda had between approximately $5 million and $16 million in assets under management.   However, account statements from Bóveda's sole custodian of assets reflect a balance of $53.95 in its account as of December 31, 2020.

53.     Moreover, account statements for Bóveda and the Fund (Bóveda's sole reported client) reveal that Bóveda never had more than approximately $62,000 in assets under management since 2014, and it frequently had $250 or less.

54.     From 2014 to 2019, the Defendants reported that Bóveda was an adviser to the Fund, and that the Fund had been audited by a certified public accounting firm located in Fort Lauderdale, Florida.   However, Bóveda and the Fund were never clients of that certified public accounting firm.

55.     The Form ADV required Bóveda "to disclose all material facts regarding any legal or disciplinary events that would be material to [a client's] evaluation of [it] or [its] integrity."

56.     The Defendants never amended Bóveda's Form ADV to disclose that, in April 2021, Bóveda was ordered by the United States District Court to comply with the Commission's subpoena, and had failed to do so.

57.     In addition, beginning in 2020, Bóveda falsely claimed it did not have custody of client assets.  Upon information and belief, Bóveda did have custody of

the assets of its client the Fund when it became the general partner of the Fund.

## COUNT I

### Violations of Section 203A of the Advisers Act
### [15 U.S.C. § 80b-3a(a)]

58.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

59.     From on or about November 20, 2014 through the present, Defendants Bóveda and Witherspoon registered Bóveda with the Commission as an investment adviser under Section 203 of the Advisers Act even though they were prohibited from doing so, because Bóveda does not fall within any exemption from this prohibition, including the Rule 203A-2(e) exemption for internet investment advisers.

60.     By reason of the foregoing, Defendant Bóveda violated and, unless enjoined, will continue to violate Section 203A of the Advisers Act, 15 U.S.C. § 80b-3a(a).

## COUNT II

### Aiding and Abetting Violations of Sections 203A of the Advisers Act
### [15 U.S.C. § 80b-3a(a)]

61.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

62.     Defendant Witherspoon knowingly or recklessly assisted

substantially Bóveda's violations of Sections 203A of the Advisers Act by improperly registering or causing Bóveda to improperly register as an internet investment adviser.

63.     As a result of the conduct described above, Defendant Witherspoon aided and abetted Bóveda's violations of Section 203A of the Advisers Act and, unless enjoined, will continue to aid and abet such violations.

## COUNT III

### Violations of Section 204(a) of the Advisers Act
### [15 U.S.C. § 80b-4(a)]

64.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

65.     From on or about September 20, 2019 through the present, Defendants Bóveda and Witherspoon failed to furnish to the Commission copies of books and records that Bóveda was required to make, keep and provide to representatives of the Commission upon request.

66.     By reason of the foregoing, Defendant Bóveda violated and, unless enjoined, will continue to violate Section 204(a) of the Advisers Act, 15 U.S.C. § 80b-4(a).

## COUNT IV

### Aiding and Abetting Violations of Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)]

67.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

68.     Defendant Witherspoon knowingly or recklessly assisted substantially Bóveda's violations of Section 204(a) of the Advisers Act, by failing or causing Bóveda to fail to produce certain books and records to the Commission.

69.     By reason of the foregoing, Witherspoon aided and abetted Bóveda's violations of Section 204(a) of the Advisers Act and, unless enjoined, will continue to aid and abet such violations.

## COUNT V

### Violations of Sections 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)]

70.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

71.     From on or about June 24, 2014 through the present, Defendants Bóveda and Witherspoon, acting as investment advisers, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, employed devices, schemes and artifices to defraud one or more advisory clients and/or prospective clients.

-14-

72.     Defendants Bóveda and Witherspoon knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud.  In engaging in such conduct, Defendants Bóveda and Witherspoon acted with scienter, that is, is, with intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

73.     By reason of the foregoing, Defendants Bóveda and Witherspoon violated and, unless enjoined, will continue to violate Section 206(1) of the Advisers Act.

## COUNT VI

### Aiding and Abetting Violations of Sections 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)]

74.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

75.     Defendant Witherspoon knowingly or recklessly assisted substantially Bóveda's violations of Section 206(1) of the Advisers Act by making or causing Bóveda to make the aforementioned misrepresentations and omissions in Bóveda's Forms ADV.

76.     By reason of the foregoing, Witherspoon aided and abetted Bóveda's violations of Section 206(1) of the Advisers Act and, unless enjoined, will continue to violate aid and abet such violations.

## COUNT VII

### Violations of Sections 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(2)]

77.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

78.     From on or about June 25, 2014 through the present, Defendants Bóveda and Witherspoon, acting as investment advisers, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, engaged in transactions, practices, and courses of business which would and did operate as a fraud and deceit on one or more advisory clients and/or prospective clients.

79.     By reason of the foregoing, Defendants Bóveda and Witherspoon violated, and, unless enjoined, will continue to violate Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2).

## COUNT VIII

### Aiding and Abetting Violations of Sections 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(2)]

80.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

81.     Defendant Witherspoon knowingly or recklessly assisted substantially Bóveda's violations of Section 206(2) of the Advisers Act by making or causing

Bóveda to make the aforementioned misrepresentations and omissions in Bóveda's Forms ADV.

82.     By reason of the foregoing, Witherspoon aided and abetted Bóveda's violations of Section 206(2) of the Advisers Act and, unless enjoined, will continue to violate aid and abet such violations.

## COUNT IX

### Violations of Section 206(4) of the Advisers Act
### and Rule 206(4)-2 thereunder
### [15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)]

83.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

84.     Section 206(4) of the Advisers Act prohibits an investment adviser from engaging in acts, practices or courses of business that are fraudulent, deceptive, or manipulative.

85.     Rule 206(4)-2 of the Advisers Act (the "Custody Rule") specifies that it is a violation of Section 206(4) for a registered investment adviser or an adviser that is required to be registered to have custody of client funds or securities unless the adviser complies with certain requirements intended to safeguard those assets.

86.     Bóveda violated these provisions in that in had possession of client assets but failed to ensure that those custodial assets were verified by actual examination at least once during each calendar year by an independent public

accountant.

87.    Bóveda did not satisfy the exceptions provided for limited partnership clients (such as the Fund) in Rule 206(4)-2(b)(4), as the Fund was not subject to an annual audit by an independent public accountant.

## COUNT X

### Aiding and Abetting Violations of Section 206(4) of the Advisers Act and Rule 206(4)-2 thereunder [15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)]

88.    Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

89.    Defendant Witherspoon knowingly or recklessly assisted substantially Bóveda's violations of Section 206(4) of the Advisers Act and Rule 206(4)-2 thereunder by failing to procure an actual examination of custodial assets at least once during each calendar year by an independent public accountant, or procuring an annual audit for the Fund by an independent public accountant.

90.    .By reason of the foregoing, Witherspoon aided and abetted Bóveda's violations of Section 206(4) of the Advisers Act and Rule 206(4)-2 thereunder and, unless enjoined, will continue to violate aid and abet such violations.

## COUNT XI

### Violations of Section 207 of the Advisers Act [15 U.S.C. § 80b-7]

91.    Paragraphs 1 through 57 are hereby realleged and are incorporated

herein by reference.

92.     From on or about June 25, 2014 through the present, Defendants Bóveda and Witherspoon, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, willfully made untrue statements of material fact or willfully omitted to state material facts required to be stated in reports filed with the Commission.

93.     Defendants Bóveda and Witherspoon knowingly, intentionally, and/or recklessly made the aforementioned untrue statements or omitted the material facts required to be stated in such reports.  In engaging in such conduct, Defendants Bóveda and Witherspoon acted with scienter, that is, with intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

94.     By reason of the foregoing, Defendants Bóveda and Witherspoon violated, and, unless enjoined, will continue to violate Section 207 of the Advisers Act, 15 U.S.C. § 80b-7.

## COUNT XII

### Aiding and Abetting Violations of Section 207 of the Advisers Act
### [15 U.S.C. § 80b-7(d)]

95.     Paragraphs 1 through 57 are hereby realleged and are incorporated herein by reference.

96.     Defendant Witherspoon knowingly or recklessly assisted substantially Bóveda's violations of Section 207 of the Advisers Act by making or

causing Bóveda to make misrepresentations and omissions in the Forms ADV that Bóveda filed with the Commission.

97.     As a result Defendant Witherspoon aided and abetted Bóveda's violations of Section 207 of the Advisers Act and, unless enjoined, will continue to aid and abet such violations.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

1.     Find that Defendants Bóveda and Witherspoon committed the violations alleged herein;

2.     Enter injunctions, in a form consistent with Rule 65(d) of theFederal Rules of Civil Procedure, permanently restraining and enjoining Defendants Bóveda and Witherspoon from violating, directly or indirectly, the law and rules alleged in this complaint;

3.     Order Defendants Bóveda and Witherspoon to pay civil penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], in an amount to be determined by the Court;

4.     Issue an Order retaining jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that may have been entered or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court; and

5.      Order such other relief as is necessary and appropriate.

## **JURY TRIAL DEMAND**

The Commission hereby demands a jury trial on all issues so triable.

Dated:  December 29, 2021

Respectfully submitted,

*/s/ M Graham Loomis*
M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Tel: (404) 842-7622
Email: loomism@sec.gov

Robert F. Schroeder
Senior Trial Counsel
Georgia Bar No. 001390
(404) 942-0688
schroederr@sec.gov

COUNSEL FOR PLAINTIFF
U.S. Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E. Suite 900
Atlanta, Georgia 30326-1382