UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BÓVEDA ASSET MANAGEMENT, INC., and GEORGE KENNETH WITHERSPOON, JR.,<br><br>Defendants. | Civil Action File No.<br> 1:21-cv-05321-SCJ |

**FINAL JUDGMENT AS TO DEFENDANTS BÓVEDA ASSET MANAGEMENT, INC., and GEORGE KENNETH WITHERSPOON, JR.**

The Securities and Exchange Commission having filed a Complaint and

Bóveda Asset Management, Inc. ("Defendant Bóveda") and George Kenneth

Witherspoon, Jr. ("Defendant Witherspoon") (collectively, the "Defendants")

having entered a general appearance; consented to the Court's jurisdiction over

them and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as

to jurisdiction and except as otherwise provided herein in paragraph XI); waived

findings of fact and conclusions of law; and waived any right to appeal from this

Final Judgment.

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

Defendants are permanently restrained and enjoined from violating, directly or

indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the

"Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by using the mails or any

means or instrumentality of interstate commerce:

(a)     to employ any device, scheme, or artifice to defraud any client or

prospective client; or

(b)     to engage in any transaction, practice, or course of business which

operates as a fraud or deceit upon any client or prospective client,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any

client or prospective client, or (ii) disseminating false or misleading documents,

materials, or information or making, either orally or in writing, any false or

misleading statement in any communication with any clint or prospective client,

about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing

paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendants officers, agents,

servants, employees and attorneys; and (b) other persons in active concert or

participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Bóveda is permanently restrained and enjoined from violating,

directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)]

and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by knowingly or

recklessly providing substantial assistance to an investment adviser registered or

required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-

3] that, by use of the mails or any means or instrumentality of interstate commerce,

maintains custody of client funds or securities and fails to comply with the

provisions of Rule 206(4)-2.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Bóveda's officers, agents, servants, employees and attorneys; and (b) other persons in active concert or participation with Defendant Bóveda or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Witherspoon is permanently restrained and enjoined from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by knowingly or recklessly providing substantial assistance to an investment adviser registered or required to be registered under Section 203 of the Advisers Act [15 U.S.C. § 80b-3] that, by use of the mails or any means or instrumentality of interstate commerce, maintains custody of client funds or securities and fails to comply with the provisions of Rule 206(4)-2.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant Witherspoon's officers,

agents, servants, employees and attorneys; and (b) other persons in active concert

or participation with Defendant Witherspoon or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Bóveda is permanently restrained and enjoined from violating,

directly or indirectly, Section 203A of the Advisers Act [15 U.S.C. § 80b-3a] by

causing an investment adviser to register with the Commission as an investment

adviser when it is ineligible to do so.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing

paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant Bóveda's officers,

agents, servants, employees and attorneys; and (b) other persons in active concert

or participation with Defendant Bóveda or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Witherspoon is permanently restrained and enjoined from aiding

and abetting violations of Section 203A of the Advisers Act [15 U.S.C. § 80b-3a]

by causing an investment adviser to register with the Commission as an investment

adviser when it is ineligible to do so.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing

paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant Witherspoon's officers,

agents, servants, employees and attorneys; and (b) other persons in active concert

or participation with Defendant Witherspoon or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Bóveda is permanently restrained and enjoined from violating,

directly or indirectly, Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)] by

knowingly or recklessly providing substantial assistance to an investment adviser

registered or required to be registered under Section 203 of the Advisers Act [15

U.S.C. § 80b-3] that makes use of the mails or any means or instrumentality of

interstate commerce in connection with its business as an investment adviser and

fails to make and keep true, accurate, and current the following books and records

relating to its investment advisory business: all written agreements (or copies

thereof) entered into by the investment adviser with any client or otherwise relating

6

to the business of such investment adviser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing

paragraph also binds the following who receive actual notice of this Final

Judgment by personal service or otherwise: (a) Defendant Bóveda's officers,

agents, servants, employees and attorneys; and (b) other persons in active concert

or participation with Defendant Bóveda or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant Witherspoon is permanently restrained and enjoined from aiding

and abetting violations of Section 204(a) of the Advisers Act [15 U.S.C. § 80b-

4(a)] by knowingly or recklessly providing substantial assistance to an investment

adviser registered or required to be registered under Section 203 of the Advisers

Act [15 U.S.C. § 80b-3] that makes use of the mails or any means or

instrumentality of interstate commerce in connection with its business as an

investment adviser and fails to make and keep true, accurate, and current the

following books and records relating to its investment advisory business: all

written agreements (or copies thereof) entered into by the investment adviser with

any client or otherwise relating to the business of such investment adviser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Witherspoon's officers, agents, servants, employees and attorneys; and (b) other persons in active concert or participation with Defendant Witherspoon or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act [15 U.S.C. § 80b-7] by the use of any means or instruments of transportation or communication in interstate commerce to willfully make any untrue statement of a material fact in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act [15 U.S.C. §§ 80b-3 and 80b-4], or to willfully omit to state in any such application or report any material fact which is required to be stated therein.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants officers, agents,

8

servants, employees and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Witherspoon is liable for a civil penalty in the amount of $50,000 pursuant to Section 209(c) of the Advisers Act [15 U.S.C. § 80b-9(c)].  Defendant Witherspoon shall satisfy this obligation by paying $50,000 to the U.S. Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant Witherspoon may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Witherspoon may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; George Kenneth Witherspoon, Jr., as a defendant in this

action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Witherspoon shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Witherspoon relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Witherspoon.

The Commission may enforce the Court's judgment for civil penalties by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant Witherspoon shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  Defendant Witherspoon shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant Witherspoon's payment of civil penalties in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Witherspoon's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant Witherspoon shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the

Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants' Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Witherspoon under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

11

entered in connection with this proceeding, is a debt for the violation by Defendant

Witherspoon of the federal securities laws or any regulation or order issued under

such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C.

§523(a)(19).

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

forthwith and without further notice.


Dated: _____ April 27, 2022

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE